IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOORUZ SABIRKULOV,

    *Petitioner,*

  v.

TODD BLANCHE, et al.,

    *Respondents.*

CIVIL ACTION

NO. 26-5823

## ORDER

**AND NOW**, this 14th day of August, 2026, upon consideration of the Petition for

a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 4), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Sabirkulov is not subject to mandatory detention under 8 U.S.C.
   § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the
   discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1] In December of 2022, Nooruz Sabirkulov—a native of Kyrgyzstan and citizen of Russia—entered the United States. (Pet. ¶¶ 1, 40, Dkt. No. 1.) Authorities inspected and paroled him into the country, and he applied for asylum a year later. (*Id.* ¶ 2.) He went to his scheduled ICE check-in in Philadelphia on August 10, 2026, but agents arrested and detained him under § 1225(b)(2) and thus without a bond hearing. *See* (*Id.* ¶¶ 4, 42).

 Sabirkulov filed a *habeas* petition, alleging violations of the Immigration and Nationality Act and due process. (*Id.* at 9–10.) He seeks an order to prevent his transfer outside the district, declare his detention unlawful, and release him. (*Id.* at 10.) The Government claims he is lawfully detained. (Gov't Resp. in Opp'n at 1–2, Dkt. No. 4.)

 The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026). Sabirkulov was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him. Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge. *See Demirel*, 2025 WL 3218243, at *5. Ordering a bond hearing is more appropriate than releasing Sabirkulov, and the Court need not address his due process claim. *See Montano-Gordillo v. Jamison*, No. 26-3030, 2026 WL 1949503, at *2–3 & n.1 (E.D. Pa. July 6, 2026).

2.   **On or before August 21, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Sabirkulov with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.   Should the immigration judge deny bond, Sabirkulov may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.